IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02046-LTB

LOUIS ORTEGA

    Applicant,

v.

MICHAEL MILLER, C.C.C.F.,

    Respondent.

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

The matter before the Court is the "Motion to Alter or Amend a Judgment" (ECF No. 10) that Applicant filed on November 17, 2015.  Applicant asserts that he is filing the Motion pursuant to Fed. R. Civ. P. 59(e).  Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs. Colorado.  The Court must construe the Motion liberally because Applicant is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within

1

twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after this action was dismissed and judgment was entered on November 13, 2015.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Applicant asserts that "[h]e has fully complied with his sentencing court's order for his punishment inside the DOC Respondent's custody.  The Respondents however have not complied with their part of the sentencing court's order for treatment of Applicant.  Such omissions on the Respondent's part, cannot be held against the Applicant to deny him his Liberty." (*See* ECF No.  11 at 2).  Applicant further contends that he should be immediately released.  *Id.*

For the same reasons stated in the November 13, 2015 Order of Dismissal, the Court will deny the Motion.  Applicant fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  If Applicant intends to challenge the denial of the ability to

participate in the sex offender treatment program, he must do so in a 42 U.S.C. § 1983 action. Accordingly, it is

ORDERED that Applicant's Motion to Alter or Amend a Judgment (ECF No. 10) filed on November 17, 2015, pursuant to Fed. R. Civ. P. 59(e) is denied.

DATED at Denver, Colorado, this  23rd  day of  November , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court